

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 22, 1960

Honorable James H. Doherty
County Attorney
San Augustine, Texas

Opinion No. WW 785

Re: Whether the County Judge
or District Judge appoints
Special Commissioners and
renders Judgments in Emi-
nent Domain Prodeedings
in San Augustine and Sabine
Counties.

Dear Mr. Doherty:

We have your letter in which you request an opinion as
follows:

"Under S.B. No. 19, 56th Legislature, 2nd Called
Session, V.A.C.S. Art. 1970-310, concerning eminent
domain procedures, does the county judge or the district
judge make the appointment of the special commissioners
in condemnation matters pertaining to the state highways,
and if the county judge makes such appointment, is the
final decision of such commissioners, under existing law,
made the judgment of the county or the district court?
Stated another way, is the petition or statement in
writing seeking the appointment of such a board and the
consequent condemnation of the right-of-way, filed with
the county or the district judge?"

The above mentioned act is also found at Page 90 of the Acts
of the Second Called Session of the 56th Legislature (1959), the
pertinent provisions of which read as follows:

"Section 1. The county courts of the Counties of
Sabine and San Augustine shall retain and continue to
have and exercise the general criminal jurisdiction,
both original and appellate, and the general jurisdic-
tion of probate courts, and all jurisdiction other than
in civil matters, including eminent domain jurisdiction
of which is here conferred on the district court for
said counties, now or hereinafter conferred upon such
county courts by the Constitution and laws of the state,
and shall retain all jurisdiction and power to issue
writs necessary to the enforcement of their jurisdiction,

and to punish contempt; but said county courts shall
have no civil jurisdiction, except as to final judgments
referred to in Section 2 hereof.

"Section 2.   The district court of the First Judi-
cial District having jurisdiction in said Counties of
Sabine and San Augustine shall have and exercise juris-
disdion in matters of eminent domain and in all other
matters and cases of a civil nature, whether the same
be of original jurisdiction or of appellate jurisdiction,
over which, by the General Laws of the State of Texas
now existing and hereinafter enacted, the county courts
of said counties would have had jurisdiction, . . ."

You state that since the above act provides only for a
transfer of the jurisdiction of the County Court and not of the
County Judge, you have doubt as to whether the District Judge has
authority to make the appointment of the special commissioners.
We presume that you have reference to the general law (Art. 3264
(2) R.C.S.) providing for filing eminent domain proceedings with,
and appointment of special commissioners by, the county judge.
You also state that in all the acts you have examined which trans-
fer eminent domain proceedings from a county court to another
court, you find that both the jurisdiction of the county judge and
that of the county court are transferred.

The case of City of Dallas v. Johnson, 54 S.W. (2d) 1024
(Dallas C.C.A.; 1932) involved the question raised by you, the
specific question there under review being whether the Judge of
the County Court at Law No. 2 in Dallas County had the authority
to appoint special commissioners in condemnation proceedings, the
contention being made that the exercise of such power rested alone
in the county judge.   The Court overruled this contention and held
that the grant of jurisdiction over eminent domain proceedings to
the County Court at Law included authority in the Judge of that
Court to appoint special commissioners and said:

"It appears, therefore, that the county court
of Dallas county, the county court of Dallas county
at law No. 1, and the county court of Dallas county
at law No. 2 have concurrent jurisdiction over all
matters that are prescribed by article 1970--3, as
the jurisdiction of the county court at law No. 1.
This grant of jurisdiction includes the specific
matter under review. ......"

In the later case of Miers v. Housing Authority of City of
Dallas, 266 S.W. 2nd 487, (1954), before the same Court of Civil
Appeals, the question was raised that the Judge of the County

Court at Law No. 1 had no jurisdiction to try the case because he was not the County Judge. The Court disposed of this question by one short paragraph reading as follows:

> "Arts. 1970--3, 1970--4, 1970--16, have been interpreted to mean that the County Courts of Dallas County at Law Nos. 1 and 2 have jurisdiction to try condemnation suits. City of Dallas v. Johnson, Tex.- Civ.App., 54 S.W.2d 1024, at page 1028. We overrule appellant's point one."

We also call attention to the emergency clause of the act in question which recites the fact that the judges of the county courts of the two counties of Sabine and San Augustine are burdened with business including eminent domain proceedings.

You are advised that in our opinion the District Court of Sabine and San Augustine Counties, and the Judge thereof, has complete jurisdiction over eminent domain proceedings in said counties. Therefore, the petitions or statements in condemnation should be filed with, and the special commissioners appointed by, said judge, and the award of the commissioners, in the absence of objections, should be made the judgment of the District Court.

### SUMMARY

> Under Chapter 7, Acts of the Second Called Session of the 56th Legislature, 1959, (V.A.C.S. Art. 1970-310) in Sabine and San Augustine Counties, petitions or statements in eminent domain proceedings are to be filed with, and appointment of special commissioners are to be made by, the District Judge, and the award of the special commissioners, in the absence of objections, is to be made the judgment of the District Court.

Yours very truly,

WILL WILSON
Attorney General

By H. GRADY CHANDLER
Assistant

HGC:mh

Hon. James H. Doherty page 4 (WW 785)


· APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

W. Ray Scruggs
Donald Bernard
Charles Cabaniss
Leon Pesek

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore