that this land was the separate estate of Mrs. Rives, deceased. Alexander v. Barton, Tex.Civ.App., 71 S.W. 71. The deed to Mrs. Rives was on record when Mr. Rives attempted to convey.

■ It seems that after Mrs. Rives' death the notes executed by her were discharged by the husband with certain property. It seems to be contended that such property was not Mrs. Rives' separate estate. Assuming that to be true, we are unable to see how it could aid the vendees of Mr. Rives. The land, as already shown, took its status as to whom it belonged at the very time it was deeded to Mrs. Rives, and the mere fact that the notes she executed binding her separate estate only were paid after her death out of funds not her separate estate, could not alter the situation, or change the title. Neither would such fact disprove the prima facie title established by the contents of the deeds.

■ The fact that Mr. Rives took part in having this land inventoried and appraised as community property in the community survivorship proceedings above described, and the further fact that he purported to convey it as community property, under the facts of this record, do not constitute any proof that it was community. Such acts and statements on the part of Mr. Rives were purely ex parte in so far as the rights of these heirs are concerned. Of course, had Mr. Rives' vendees taken without notice of the fact that this was Mrs. Rives' separate property, they would have taken a good title as innocent purchasers.

The judgment of the Court of Civil Appeals, which reverses the judgment of the district court and renders judgment for the defendants in error, is affirmed.

Kampmann & Burney and W. P. Dobbins, all of San Antonio, for appellant.

E. B. Votaw, of Beaumont, for appellees.

HICKMAN, Commissioner.

This case is before us on certificate from the Honorable Court of Civil Appeals of the Ninth District. The concluding paragraph of the certificate is as follows: "We make a part of this certificate our tentative opinion on the questions certified. The other propositions of law, raised by the appeal and stated in the tentative opinion, are not submitted to your Honorable Court by this certificate. We reserve these questions for decision by this court on return of your answers to the questions certified."

The concluding paragraph of the tentative opinion accompanying the certificate is as follows: "There are other material points in the appeal—the claim that Mrs. Hightower, after the death of her husband, renewed the lien; the claim advanced by Mrs. Hightower in her brief, but not adjudicated on the trial of this cause, that the property was her separate property; and a third point, that appellant did not prove due performance of the obligations assumed by it under the original contract. These are points only of reversible error, and we do not discuss them in this tentative opinion, which is written to accompany and constitute a part of our certificate to the Supreme Court, certifying the questions discussed."

By the foregoing it is made known to this Court that the judgment which hereafter

may be rendered by the Court of Civil Appeals may not at all rest upon the answers of this Court to the questions certified. We are informed, in effect, that, while the Court desires our views upon the questions certified, the character of judgment which it will render in the case may not be determined by our answers, but may be determined by its decision of other questions presented.

The case is certified under the authority of Article 1851, R.C.S., which reads in part as follows: "* * * Pending the decision of the Supreme Court, the cause in which the issue is raised shall be retained for judgment *in harmony with the decision of the Supreme Court* upon the issue submitted." (Italics ours).

In County Democratic Executive Committee v. Booker, 122 Tex. 89, 52 S.W.2d 908, 909, wherein the above quoted provision of the statute was before the court for construction, it was stated: "These statutes forbid the Supreme Court from answering purely abstract questions of law."

In Owens v. Tedford, 114 Tex. 390, 393, 269 S.W. 418, 419, it was stated: "No answer is to be made to any question which is not to become a final and conclusive determination of some question of law. Article 1625, Revised Statutes. No matter what answer we gave to question No. 2, it could furnish no basis for any adjudication whatever."

The questions certified in this case are but abstract questions of law. The suit is for the foreclosure of a paving lien created by contract upon certain lots in the City of Beaumont, which constituted the homestead of Judge and Mrs. L. B. Hightower. Judge Hightower died before the suit was instituted. Before the contract was barred by the statute of limitation he, without being joined by his wife, entered into a contract of extension and renewal with the appellant. Recovery was denied appellant in the trial court. Two questions are certified. The first calls upon us to decide whether Judge Hightower, without the knowledge or consent of his wife, had the power to make a binding contract of renewal and extension. The same law question is submitted from another angle in the second question.

Were we to hold that Judge Hightower had the power to execute the renewal note and contract, it would not follow that the judgment of the Court of Civil Appeals would be in harmony with our decision. Suppose that court should thereafter decide that the property was the separate property of Mrs. Hightower, a question reserved by it, or that the appellant failed to prove due performance by it of the obligations which it assumed, another question reserved by it, its judgment would be one of affirmance, and our opinion would amount to no more than an advisory opinion upon an abstract question of law. It would not furnish the basis of any adjudication. Its judgment would be based upon its own conclusions and not upon our answers. On the other hand, should we decide that Judge Hightower did not have that power it would not necessarily follow that the judgment of the trial court denying appellant any recovery would be affirmed. We are advised by the Court of Civil Appeals that it is reserving for decision the question of whether or not Mrs. Hightower renewed the lien after her husband's death. Should that court determine that she did so renew it, its judgment doubtless would be one of reversal which would be based upon its own conclusions and not upon our answers. It thus appears that we are called upon to answer questions of law which will furnish no basis for an adjudication of the issues involved. Such questions are abstract and we are prohibited by the statute from answering them. Booker case, supra.

The certificate will therefore be dismissed without any expression of our views on the questions submitted.

Opinion adopted by the Supreme Court.