## MRS. J. E. RAINS·ET AL V. MERCANTILE NATIONAL BANK AT DALLAS.

No. A-268. Decided November 8, 1944.
(182 S. W., 2d Series, 993.)

*John J. Watts,* of Crane, Texas, for appellant.

*Collins, Jackson, Snodgrass & Blanks,* of San Angelo, *John D. McCall, Clarence E. Crow* and *Millard Parkhurst,* all of Dallas, for appellee.

MR. JUDGE HICKMAN, of the Commission of Appeals, delivered the opinion for the Court.

This case is before us on certificate from the Honorable Court of Civil Appeals at El Paso. Appellee, Mercantile National Bank at Dallas, recovered judgment in the trial court against

Upton County, of which appellant, Mrs. J. E. Rains, is Treasurer, for the principal of approximately eleven hundred warrants, with interest thereon at the rate of four per cent per annum as provided in the face of the warrants. The warrants were of three classes, officers' salary fund warrants, general fund warrants, and road and bridge fund warrants.

The questions certified to this Court all relate to the item of interest and are as follows:

"No. 1: Is the provision in a warrant drawn by a county for the payment of the official salary of one of its officers that same bear interest at the rate of four per cent per annum from its date valid?

"No. 2: Where each of the scrip warrants of a county issued for current expenses other than official salaries contains a provision that same bear interest from date at the rate of four per cent per annum and is issued in pursuance of a general plan and policy of the commissioners' court that all of its warrants for current expenses bear interest at that rate, is such provision for interest lawful and valid?

"No. 3: If No. 2 be answered in the negative, is interest at the rate specified in such warrants lawfully collected from the date of their registration?"

All parties contend that these questions, as they appear in the certificate, should not be answered. Appellants object to our answering them on the ground that there is pending in the Court of Civil Appeals at this time a motion for certiorari to perfect the record, and the argument is made that when the record is perfected the holdings of the Court of Civil Appeals in material respects will be changed and the cause will be remanded. They further contend that the principal question in this case relates to the validity of the warrants and not to the provisions with regard to interest, and that the answers to the questions certified will become immaterial if and when it is finally held that the warrants are void.

It is the position of appellee that the questions certified are beyond the issues presented in the Court of Civil Appeals. It points out that Question No. 1 inquires about salary warrants only, while Questions Nos. 2 and 3 inquire about the other warrants without reference to whether they were drawn against the general fund or the road and bridge fund. It further points out that in the Court of Civil Appeals appellants made only

one complaint against the judgment of the trial court with regard to the allowance of interest and that related alone to interest on warrants drawn on the general fund. That complaint appears in their brief filed in that court as Point No. 12 and reads as follows:

"That portion of the judgment of the trial court permitting plaintiff to recover interest on all warrants issued on the General Fund is illegal since no interest may lawfully be paid by Upton County, Texas, on General Fund warrants."

Appellants' argument in their brief in the Court of Civil Appeals in support of this point was, in substance, that the Attorney General's department had held that the County Commissioners Court was authorized to issue interest bearing scrip warrants against the road and bridge fund, but was without authority to issue interest bearing warrants against the general fund. They seem to have agreed with that opinion and to have conceded that interest was properly recovered on warrants drawn on the road and bridge fund, and no point in their brief raised any question with reference to warrants for salaries. Appellee's position here is that we should decline to answer Question No. 1 and so limit the answers to the other questions as to make them referable to warrants drawn on the general fund and none other.

But they then challenge the factual bases of these questions. It will be observed that Question No. 3 is conditioned upon the answer to No. 2 and it is claimed that No. 2 is based upon a factual conclusion embodied therein that has no support in the record, namely, that each warrant was issued in pursuance of a particular plan and policy of the Commissioners Court that all of its warrants for current expenses bear interest at the rate of four per cent. The same contention is made with reference to the conclusion in the tentative opinion, made a part of the certificate, to the effect that there was no showing in the record that the contract between the county and the various payees in the warrants included an agreement to pay interest.

In Federal Royalty Co. v. State, 128 Texas 324, 98 S. W. (2d) 993, it was held that, if the questions certified were not properly presented to the Court of Civil Appeals for decision, it is the duty of litigants to make known that fact to the Supreme Court before it answers same. Of course, that was an implied holding that, in considering certified questions the Supreme Court is authorized to examine the record to determine whether or not the questions certified were properly presented for decision in

the Court of Civil Appeals and, in the event they were not, to decline to answer them.

In the light of all the foregoing objections, it now appears that no finality of decision of the issues involved in the case would result from any answer which he might be authorized to return to any question submitted. When that situation develops and is made known to us it becomes our duty to dismiss the certificate. County Democratic Executive Committee v. Booker, 122 Texas 89, 52 S. W. (2d) 908. Uvalde Rock Asphalt Co. v. Hightower, 135 Texas 410, 144 S. W. (2d) 533.

The certificate is dismissed.

Opinion adopted by the Supreme Court November 8, 1944.