C. C. WEAVER ET AL V. THE BOARD OF TRUSTEES OF THE WILSON INDEPENDENT SCHOOL DISTRICT ET AL.

No. A-370. Decided November 22, 1944.
(183 S. W., 2d Series, 443.)

*Truett Smith,* of Tahoka, and *Underewood, Johns, Dooley & Wilson,* of Amarillo, for appellants.

*Nelson & Brown,* of Lubbock, for appellee.

Mr. Chief Justice Alexander delivered the opinion of the Court.

In the above cause the Court of Civil Appeals has certified questions of law to this Court. The appeal is from an interlocutory order of the trial court refusing an application for a temporary injunction in a school consolidation case. The main action is not one over which the jurisdiction of the Court of Civil Appeals is made final by the provisions of Article 1821, R. C. S. It has been held by this Court that under the provisions of Revised Statutes Article 4662 the Supreme Court has jurisdiction to review, by writ of error, the ruling of the trial court in granting or refusing a temporary injunction where the main case out of which the application for injunction grew is one over which the Supreme Court has jurisdiction. Houston Oil Co. of Texas v. Village Mills Co., 109 Texas 169, 202 S. W. 725; Spence v. Fenchler, 107 Texas 449, 180 S. W. 597; 24 Tex. Jur. 286, sec. 230.

Under these circumstances it is the general policy of this Court, as authorized by Rule 461 of the Texas Rules' of Civil Procedure, that in the absence of circumstances which would make it more expedient that the case be presented on certified questions rather than on application for writ of error, we will decline to allow such cases to be presented to the Court on certified questions. Duval v. Clark, 138 Texas 186, 157 S. W. (2d) 626.

There are two reasons why we think we should follow the policy above indicated. In the first place, in the vast majority of cases the judgment finally rendered by the Court of Civil Appeals is correct, and it becomes unnecessary for this Court to grant an application for writ of error. In the second place, in many instances it is impracticable for the Court of Civil Appeals to so present the case on certified questions as to enable this Court to finally dispose of it. See in this connection Rains v. Mercantile National Bank, 143 Texas 112, 182 S. W. (2d) 993; County Democratic Executive Committee v. Booker, 122 Texas 89, 52 S. W. (2d) 908; Uvalde Rock and Asphalt Co. v. Hightower, 135 Texas 410, 144 S. W. (2d) 533.

The certificate is dismissed.

Opinion delivered November 22, 1944.