H. W. MIERS v. THE HOUSING AUTHORITY
OF THE CITY OF DALLAS, TEXAS

No. A-4510. Decided March 31, 1954.
(266 S.W. 2d Series 842)

*Nathan Rachael,* of Dallas, for appellant.

*Scurry, Scurry & Pace,* of Dallas, for appellee.

MR. JUSTICE GARWOOD delivered the opinion of the Court.

The questions certified by the El Paso Court of Civil Appeals (which has the case by transfer from the Dallas court) are:

"First: Did we err in holding that the description in the condemnor's statement filed with the County Court was too indefinite to confer jurisdiction on that court to render a judgment in a condemnation proceeding?

"If the foregoing question is answered in the affirmative, then we further certify the following question:

"Should the judgment of the trial court be reformed so as to eliminate therefrom that portion of the description

" '. . . and all adjoining and contiguous property owned or claimed by said defendants.' "

The explanatory portion of the certificate reads:

"The above styled and numbered cause is pending before us on appellee's second motion for rehearing. The suit was a condemnation suit brought by the Housing Authority of the City of Dallas to condemn certain land of appellant. The land was described as:

" '. . . the following described property situated within the corporate limits of the City of Dallas, Dallas County, Texas, and being more particularly described as follows, to-wit: Situated in Dallas County, Texas, and being Lots 1 and 2, Block 8, of Bonita Plaza, an Addition to the City of Dallas, Texas, according to the Map or Plat thereof recorded in Vol. 8, page 146, MRDCT, and all adjoining and contiguous property owned or claimed by said defendants.'

"In our original opinion and on appellee's first motion for rehearing we held that the description was too indefinite to confer jurisdiction on the trial court and reversed the judgment of the trial court and ordered the condemnation proceedings dismissed. We are not unmindful of the policy of the Supreme Court that it will not entertain a certificate where a writ of error lies from the decision of a court of civil appeals. However, in the case our decision is in direct conflict with the decision of the Court of Civil Appeals for the Fifth Supreme Judicial District at Dallas, (Loumparoff v. Housing Authority of the City of Dallas, 261 S.W. 2d 224) on the question on which our decision is based. Also there is a great urgency that a final judgment be obtained because the Housing Authority is now building on property condemned with similar description, and if our decision is correct then of course all building on such property would be immediately stopped."

To the foregoing it should doubtless be added: The description in question appears in the "statement in writing" whereby the condemnation was begun (Art. 3264, Vernon's Tex. Civ.

Stats. Ann.) in the award of the Special Commissioners (who fixed the damages of the appellant-condemnee at approximately $1,800) and in the judgment of the County Court at Law No. 1 of Dallas County (which in substance sustained the action of the Commissioners) following recourse thereto by the appellant-condemnee. The written objections of the latter to the award of the Commissioners affirmatively asserted jurisdiction in the County Court at Law No. 1 and complained of the award upon the sole ground that the amount was inadequate. At the trial, the only evidence as to value, or indeed ownership, was with reference to "Lots 1 and 2," there being no mention in the proof of any "adjoining and contiguous property owned or claimed by said defendants." The single jury issue submitted (on value) was in terms of "the subject property" and resulted in an answer of $1,800. The appellant-condemnee took no part in the trial in person or otherwise but filed unsuccessful motions for judgment notwithstanding the verdict and for new trial, raising the description question among others.

■ The circumstances stated in the certificate, together with the novelty of the points involved, justify the exercise of our discretionary jurisdiction to answer the questions certified rather than require their presentment by application for writ of error. See Rule 461, Texas R. Civ. Proc.; Weaver v. Board of Trustees of Wilson Independent School District, 143 Texas 152, 183 S.W. 2d 443.

■ We answer the first question affirmatively, that is, to the effect that the description used in the statement of the appellee-condemnor to the commissioners and the trial court was adequate to support jurisdiction of the latter.

The point of description is, of course, jurisdictional, and although condemnation is not consensual in nature, the test of what constitutes adequacy of description is, generally speaking, the same as with consensual transfers such as a deed. Parker v. Fort Worth & Denver City Ry. Co., 84 Texas 333, 19 S.W. 518; Wooten v. State, 142 Texas 238, 177 S.W. 2d 56.

As an original proposition, there might have been some logical difficulty in sustaining a description like "all of the land owned or claimed by this grantor in the X survey of Y County, Texas," under our basic rules which purport to require identification of the land either by the instrument in question or some equally certain extrinsic matter to which that instrument gives the key. What the grantor actually "claims" and, for that matter,

what he actually "owns" (for example, a tract which he has long ceased to occupy after perfecting limitation title) would seem in the last analysis to be identification by something far less certain than a collateral writing or fact of public notoriety. But our decisions have sustained descriptions of this type beyond any possibility of rejecting them now. See, for example, Smith v. Westall, 76 Texas 509, 13 S.W. 540; Curdy v. Stafford, 88 Texas 120, 30 S.W. 551; Miller v. Pullman (Tex. Civ. App.) 72 S.W. 2d 379, wr. of er. refused; also citations in 14 Tex. Jur. p. 1015. Numerous Texas mineral leases contain the very kind of description now before us, and we have held the latter to pass not only the land described by metes and bounds or similarly specific means, but also that which was in fact "adjoining and contiguous property owned or claimed by" the lessor, though described only in this general fashion. Sun Oil Co. v. Bennett and Sun Oil Co. v. Burns, 125 Texas at pp. 540 and 549, 84 S.W. 2d at pp. 447 and 442, respectively; Alexander v. Byrd (Tex. Civ. App) 114 S.W. 2d 915, wr. of er. refused. And even if the point were now before us for the first time, sound reason would hardly suggest voiding the erstwhile perfectly good specific portion of the description merely because of the vagueness of the "adjoining and contiguous property" portion. In this respect the instant case differs from cases like Wooten v. State, supra, in which the description was so worded that the added phrase, "more or less," qualified it in its entirety and also rendered it uncertain. In the instant case, we have undoubted certainty of description as to Lots 1 and 2, and the only uncertainty that could possibly be said to exist is clearly with reference to premises other than Lots 1 and 2.

Now since in a deed a description like that in the instant case would be adequate to pass the grantor's interest in such adjoining land as the grantor might turn out to own or claim, as well as his interest in Lots 1 and 2, the same description would seem correspondingly valid and effective in a "statement" (petition) which initiates a condemnation proceeding. Such a conclusion could hardly be said to be unfair to the condemnee in respect of uncertainty as to the adjoining land. While at the outset of the proceeding the *condemnor* may not know the details of just what, if anything, the condemnee owns or claims in the way of adjoining land, we may reasonably presume that the condemnee either knows or, having been duly warned by the statement, will review his own affairs and find out what he owns in time to protect his interests on the trial. Considering also that there are often cases wherein some small adjoining area will have been acquired by the condemnee by limitations or by agreement as to location on the ground of the duly described premises

and that detailed identification of the adjoining area by the condemnor in advance of the proceedings may be difficult, it would seem more reasonable than not to say that the statement does confer jurisdiction with respect to the adjoining premises (as well as the premises fully described).

■ This brings us to the second question—as to whether, in the instant case, the reference to adjoining premises in the statement or petition, although valid for jurisdictional purposes, may yet properly be carried forward into the condemnation judgment, or whether, under the circumstances of the case, the judgment should be reformed so as to eliminate the reference. We answer that the reference should be eliminated. The difficulty here relates to the matter of compensating the condemnee. In a transaction by deed, the grantor may properly be considered to have affixed a value in his own mind for his rights to adjoining land, however indefinite such rights or such land might be, and to have included that value as part of the total agreed price paid to the grantee. Any uncertainty as to what the grantor really owns or claims or the actual value thereof present therefore no problem. By virtue of the deed the grantee simply steps into the shoes of the grantor—for whatever rights to whatever adjoining land the latter might later develop to have had. But in condemnation the value has to be fixed by an agency of the state, which would seem to entail also a determination of just what it is that is valued, and this prior to the judgment which must identify and pass title to what is condemned. Does this difference between a condemnation and a consensual transaction such as one by deed require that in the former instance the "adjoining land" portion of the description may not be employed? Now if it should develop on the trial that the condemnee actually had no right or claim to adjoining land, the natural course, and a proper one, would be for the judgment to omit reference to such land, although at the same time to include the reference would hardly seem prejudicial to the condemnee, who obviously would lose nothing thereby. But in the instant case it did not appear from the evidence either that the grantee owned or claimed adjoining land or that he did not. It is held that, while the burden of proof as to the right to condemn and as to certain other matters is on the condemnor, the burden as to value is on the condemnee. Aue v. State (Tex. Civ. App., 77 S.W. 2d 606, 608, wr. of er. refused. From this it can be argued with some force that, if indeed the condemnee in the instant case did own some adjoining property, he is yet in no position to complain, if the judgment deprived him of it without compensation by including the reference to that property. On the other hand, since we should doubtless assume

that all land has at least some value, the judgment must award something to the condemnee in the way of compensation, and this would present a difficult practical problem where, as in the instant case, there is no evidence at all about the adjoining land in question. This practical consideration and the fact that the condemnor, if it had any reason to suspect an otherwise undisclosed interest of the condemnee in the adjoining premises, could ordinarily develop the facts from the condemnee himself by existing procedural means, are in our opinion good reason to hold that in a situation like the present, the judgment should not purport to condemn the adjoing premises. At the same time, the absence of proof as to such premises is no good reason to defeat the condemnation as to Lots 1 and 2, in connection with which there was evidence as to value, and the case may thus properly be treated as if the condemnor had sought to condemn, for example, Lots 1 *and 3* and had elected to abandon the condemnation as to Lot 3. The result is that the reference to adjoining premises may, and should, be eliminated from the judgment without thereby impairing its effect as to Lots 1 and 2.

Opinion delivered March 31, 1954.

Note:—Opinion of Court of Civil Appeals in conformity to these answers appears in 268 S.W. 2d 325.