LARRY W. MORRIS V. CHARLES W. SCALING ET AL

No. A-8222. Decided March 1, 1961.
Rehearing overruled March 29, 1961.
(344 S. W. 2d Series 161)

*Morris & Oldham* and *Tom Lorance,* of Houston, for appellant.

*Lattimore & Lattimore,* of Fort Worth, for appellee Scaling.

*Kelley & Ryan,* of Houston, for Standard Oil Co., appellee.

MR. CHIEF JUSTICE CALVERT delivered the opinion of the Court.

This case comes to us on certified questions from the Court of Civil Appeals for the Second District. The basic question involved is one of venue.

The facts set out in the certificate of the Court of Civil Appeals are as follows:

"Humble Oil & Refining Company, a Texas corporation, with its principal office in Harris County, Texas, merged into Standard Oil Company of New Jersey, a foreign corporation having no permit to do business in Texas. Certain shareholders of Humble, including all parties to this suit except Standard, gave notice of their dissent from the merger and took the steps necessary to protect their rights under the Business Corporation Act, V. A. T. S., to demand payment of the fair value of their shares in Humble. Standard and the other parties to the suit failed to agree as to the value of the shares held by such other parties, and Charles W. Scaling, individually and as independent executor of the estate of George A. Scaling, deceased, and Harry S. Scaling and Charles W. Scaling, Jr., owning a total of 1,000 shares, filed suit in the District Court of Tarrant County against Standard under provisions of Art. 5.12 of the Business Corporation Act to have determined the fair value of their stock, and asked that they have judgment against Standard for $150.00 per share. All the plaintiffs, except Charles W. Scaling, Jr., reside in Tarrant County.

"Standard answered and denied that plaintiff's shares were of the value of $150.00 each and, pursuant to said Art. 5.12, attached a list of the dissenting shareholders of Humble, with whom Standard had been unable to agree as to the value of their shares, and prayed that the shareholders named in the list be given notice of the proceeding and that the court determine the fair value of the shares owned by the plaintiffs and the other share holders named in the list.

"Larry W. Morris was one of the dissenting shareholders

listed by Standard. He was notified by the court of the filing of the plaintiffs' petition and of Standard's answer, and of the setting of the cause for hearing.

"Morris filed a plea of privilege to be sued in Harris County, the county of his residence, and alleged that no exception to exclusive venue in the county of one's residence provided by law existed in the causes. He also filed, subject to the plea of privilege, a motion to dismiss the cause for want of jurisdiction in the event the plea of privilege should be overruled, alleging that under the provisions of the Business Corporation Act a suit of this nature must be filed in the county in which the principal office of the corporation is located. Subject to the plea of privilege and motion to dismiss, Morris filed a detailed answer.

"The Scalings controverted the plea of privilege, but Standard did not. The Scalings sought to hold venue in Tarrant County because some of them resided there, and Standard, being a foreign corporation without a place of business or office in Texas, and doing no business in Texas, could be sued in the county of the residence of some of the plaintiffs under the provisions of Art. 1995. The plea of privilege was overruled and Morris appeals. There was no hearing on the motion to dismiss."

The certificate also recites that Standard has no office in Texas, has no place of business in Texas, and does no business in Texas.

Article 5.12 of the Business Corporation Act, Subdivision B., Volume 3A, Vernon's Annotated Civil Statutes, provides that if, within 30 days after the corporate action from which a shareholder dissents, the existing, surviving or new corporation and the dissenting stockholder fail to agree as to the value of the stockholder's shares, such stockholder or the corporation "may, within sixty (60) days after the expiration of the thirty (30) day period, file a petition in any court of competent jurisdiction in the county in which the principal office of the corporation is located, asking for a finding and determination of the fair value of such shares * * *."

The certificate, the briefs of the parties and the tentative opinion of the Court of Civil Appeals disclose the questions of

law confronting that court. Not all of them are certified to this court. The questions certified are as follows:

"No. 1. Is the venue of this suit laid in Harris County by the provisions of Art. 5.12 of the Business Corporation Act, because Humble had its principal office in that county?

"No. 2. If the answer to No. 1 is 'yes,' is venue exclusively in Harris County in the sense that a District Court of no other county would have jurisdiction of the cause absent any proper effort to remove it to Harris County?

"No. 3. If the venue is in Harris County by virtue of Art. 5.12, and if the District Court of Tarrant County has jurisdiction to try the cause absent any objection, was Morris' pleading sufficient to require the court to transfer the cause to Harris County?"

In its tentative opinion the Court of Civil Appeals answers questions Nos. 1 and 3 "yes" and question No. 2 "no." That court notes that there are other questions raised by the parties which, because of its answers to the three questions set out above, it is unnecessary to decide. One of the questions not decided is one raised by the contention of the appellant Morris to the effect that his plea of privilege should be sustained because the the only controverting affidavit filed was filed by the Scalings and they had not legal standing to file the plea since they are not "adverse parties" as to him. The Court of Civil Appeals has, in effect, reserved that question for decision. Its tentative judgment reverses the judgment of the trial court and remands the cause with directions to transfer it to Harris County.

This court will decide certified questions only when the questions will determine the outcome of the litigation. Uvalde Rock Asphalt Co. v. Hightower, 135 Texas 410, 144 S. W. 2d 533. In that case this court declined to answer the questions certified and dismissed the certificate because the record "made known to this Court that the judgment which hereafter may be rendered by the Court of Civil Appeals may not at all rest upon the answers of this Court to the questions certified." We are confronted with the same situation in this case.

Question No. 2 is expressly conditioned on an affirmative answer to question No. 1. By its wording question No. 3 is conditioned on an affirmative answer to question No. 1 and a

negative answer to question No. 2. If we should answer question No. 1 "no," questions Nos. 2 and 3 would pass out of the certificate. Gateley v. Humphrey, 151 Texas 588, 254 S. W. 2d 98, 101; Hurt v. Cooper, 130 Texas 433, 110 S. W. 2d 896. So that, if we should answer question No. 1 in the negative, the judgment which hereafter *may* be rendered by the Court of Civil Appeals may not at all rest upon our answer to the question. The Court of Civil Appeals by deciding in appellant's favor the question which it has reserved could still reverse the judgment of the trial court and order the cause transferred to Harris County.

From the foregoing analysis of the certified questions and the tentative opinion of the Court of Civil Appeals it is obvious that our answers to the questions may not be determinative of the litigation. Therefore, this court must respectfully decline to answer the certified questions and order the certificate dismissed. What is said here should not be taken as any indication of the answers we would give to the questions if we were at liberty to answer them.

The certificate is dismissed and the record is ordered returned to the Court of Civil Appeals for further consideration.