**Larry W. MORRIS, Appellant,**

v.

**Charles W. SCALING et al., Appellees.**

No. 16168.

Court of Civil Appeals of Texas.

Fort Worth.

April 28, 1961.

Rehearing Denied June 16, 1961.

Morris & Oldham, and Tom Lorance, Houston, for appellant.

Lattimore & Lattimore, and H. S. Lattimore, Fort Worth, for appellee Charles W. Scaling.

Kelley & Ryan, and C. O. Ryan, Houston, for appellee Standard Oil Co.

BOYD, Justice.

We certified some questions in this case to the Supreme Court which that Court declined to answer for reasons set out in its opinion reported in 344 S.W.2d 161.

Humble Oil & Refining Company, a Texas corporation, after approval and recommendation by its Board of Directors, and upon due notice to its shareholders, submitted to its shareholders at a special meeting held at Houston on November 25, 1959, two resolutions, the first of which, if adopted, would authorize the sale of substantially all of Humble's property and assets to a new corporation of the same name, organized under the laws of the State of Delaware, in consideration, among other things, of the issuance to Humble of Texas of shares of the capital stock of Humble of Delaware; the second resolution, if adopted, would authorize the merger of Humble of Texas into Standard Oil Company of New Jersey. The plan of merger provided that when it became effective each share of stock of Humble of Texas (except shares owned by Standard) would be converted into 1¼ shares of Standard of New Jersey. Both resolutions were adopted. The merger became effective on December 1, 1959.

Certain shareholders of Humble of Texas, including all of the parties to this suit, other than Standard, gave notice of their dissent from said merger and took the necessary steps to protect their rights under the Business Corporation Act, V.A.T.S., to demand payment of the fair value of their shares. Standard and the other parties to this suit failed to agree on the value of the shares held by such other parties, and Charles W. Scaling, individually and as independent executor of the estate of George A. Scaling, deceased, and Harry S. Scaling and Charles W. Scaling, Jr., owning a total of 1,000 shares, filed suit in the District Court of Tarrant County on February 27, 1960, against the Standard Oil Company of New Jersey under the provisions of Art. 5.12 of the Business Corporation Act, to determine the fair value of their stock, and asked that they have judgment against Standard for $150 per share. All of the plaintiffs, except Charles W. Scaling, Jr., reside in Tarrant County.

Standard answered and denied that plaintiffs' shares were of the value of $150 each and, pursuant to said Art. 5.12, attached a list of the dissenting shareholders of Humble with whom Standard had been unable to agree as to the value of their shares, and prayed that the shareholders named in the exhibit be given due notice of the proceeding, and that the court determine the fair value of such shares as provided for in said Article.

Larry W. Morris was one of many dissenting shareholders listed by Standard. He was notified by the court of the filing of the Scalings' petition and of Standard's answer and was notified of the setting of the cause for hearing.

Morris filed a plea of privilege to be sued in Harris County, the county of his residence, alleging that no exception to exclusive venue in the county of one's residence provided by law existed in the cause. The Scalings controverted the plea. Standard filed no controverting plea. Subject to the plea of privilege, Morris filed a plea to the jurisdiction of the District Court of Tarrant County, setting out provisions of Art. 5.12, and a detailed answer. On a hearing of the plea of privilege and controverting affidavit, the court overruled the plea, and Morris appeals.

In their controverting affidavit, the Scalings sought to hold venue in Tarrant County because they resided there, and so resided when the cause of action arose, and because Standard Oil Company, being a foreign corporation and having no place of business in Texas and no domicile or residence in Texas, and was not doing

business in Texas, could be sued in the county of the residence of the plaintiffs, or either of them, under the provisions of Art. 1995, Vernon's Ann.Civ.St.

Article 5.12 of the Business Corporation Act, subd. B, provides that if, within 30 days after the corporate action from which a shareholder dissents, the existing, surviving, or new corporation and the dissenting stockholder fail to agree as to the value of the stockholder's shares, such stockholder or the corporation "may, within sixty (60) days after the expiration of the thirty (30) day period, file a petition in any court of competent jurisdiction in the county in which the principal office of the corporation is located, asking for a finding and determination of the fair value of such shares * * *. The clerk of the court shall give notice of the time and place fixed for the hearing of such petition * * * to the corporation and to the shareholders shown upon such list * * *", which the corporation is required to file. It is further provided that "All shareholders thus notified and the corporation shall thereafter be bound by the final judgment of the court."

A crucial question is whether the venue fixed by the quoted provision of the article is in the county where the corporation whose shares are to be valued has or had its principal office, as contended by Morris, or whether it is in the county where the existing, surviving, or new corporation has its principal office, when the corporation whose shares are to be valued has ceased to exist, as argued by the Scalings and Standard.

It was shown that Standard, the surviving corporation, has no office in Texas, has no place of business in Texas, and does no business in Texas. A literal compliance with the statute as construed by appellees would prevent the filing by a shareholder of such suit in this state. The appellees therefore insist that venue is not laid by the statutes in the situation here presented, and that it must be otherwise determined.

■ It is our opinion that the venue laid by Art. 5.12, subd. B, is in the county where the existing, surviving, or new corporation has its principal office. Since Standard has no office in this state, we think the venue provision of the article is inapplicable to the case at bar, and venue must be determined by the general venue statute.

■ It is provided by Art. 1995, subd. 27, that a foreign corporation which has no agent or representative in the state may be sued in the county where the plaintiffs, or any of them, reside. Since Standard was suable in Tarrant County, upon the filing of the suit by the Scalings it was the express statutory duty of the court to notify appellant of the pendency of the suit and of the time and place fixed for the hearing of the petition. Each shareholder's privilege to be sued in the county of his residence could result in a great multiplicity of suits, which it was the evident purpose of the Legislature to forestall.

The 1953 version of the Model Business Corporation Act, Vol. 3A, V.A.T.S., p. IX, ib. p. 267, which forms the basis for a part of Art. 5.12, had no provision for venue of suits authorized by the Act. The 1960 version of the Model Business Corporation Act provides for the venue in cases where the surviving corporation is a foreign corporation by requiring that a suit against a shareholder for the determination of the value of his shares shall be filed in the county where the registered office of the domestic corporation was last located. The provision just referred to is not in our statutes; and supplying the omission, if it be an omission, is a legislative and not a judicial function.

The judgment is affirmed.