

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

September 9, 1966



This Opinion Overrules Opinion # O-6339

Honorable R. L. Lattimore
Criminal District Attorney
Hidalgo County Courthouse
Edinburg, Texas

Dear Sir:

Opinion No. C-760

Re: Whether or not the
approval of the Com-
missioners' Court is
necessary before the
Housing Authority of
Hidalgo County may sell
surplus real estate
owned by the Authority,
and related question.

You have requested an opinion of this office on the following questions:

"1. If the subject property is declared
surplus by the Housing Authority,
does it revert to Hidalgo County
which may then sell it in accord-
ance with the provisions set out
in Article 1577, V.A.C.S.?

"2. Should it be determined that the
property does not revert to Hidalgo
County, since the Housing Authority
of Hidalgo County, Texas, is a divi-
sion of Hidalgo County existing only
with the consent of the county, what
procedure should be followed in the
sale of the property described above?"

The property described in your opinion request is
real property, deeded, by quit claim without warranty, to the
Housing Authority of the County of Hidalgo by the Public
Housing Administration. No reverter clauses were inserted
in said deed.

Section 23a of Article 1269k, Vernon's Civil Statutes,
provides as follows:

"In each county of the State there is here-
by created a public body corporate and politic
to be known as the 'Housing Authority' of the

-3657-

county; provided, however, that such housing authority shall not transact any business or exercise its powers hereunder until or unless the Commissioners Court of such county, by proper resolution shall declare at any time hereafter that there is need for a housing authority to function in such county, which declaration shall be made by such Commissioners Court for such county in the same manner and subject to the same conditions as the declaration of the governing body of a city required by Section 4 of the Housing Authorities Law for the purpose of authorizing a housing authority created for a city to transact business and exercise its powers (except that the petition referred to in said Section 4 shall be signed by one hundred qualified voters and residents of such county).

"The commissioners of a housing authority created for a county may be appointed and removed by the Commissioners Court of the county in the same manner as the commissioners of a housing authority created for a city may be appointed and removed by the Mayor, and except as otherwise provided herein, each housing authority created for a county and the commissioners thereof, within the area of operation of such housing authority as hereinafter defined, shall have the same functions, rights, powers, duties, immunities, privileges, and limitations provided for housing authorities created for cities and the commissioners of such housing authorities, in the same manner as though all the provisions of law applicable to housing authorities created for cities were applicable to housing authorities created for counties; provided, that for such purposes the term 'Mayor' or 'governing body' as used in the Housing Authorities Law shall be construed as meaning 'Commissioners Court', and the term 'city' as used therein shall be construed as meaning 'county' unless a different meaning clearly appears from the context; and provided further that a housing authority created for a county shall not be subject to the limitations provided in clause (c) of Section 10 of the Housing Authorities Law with respect to housing projects for farmers of low income.

"The area of operation of a housing authority created for a county shall include all of the

Honorable R. L. Lattimore, page 4 (C-760)

state."

The court in Townsend v. The Housing Authority of City of Dallas, 277 S.W.2d 211 (Tex.Civ.App., 1954, error ref. n.r.e.) upheld the Housing Authority's right to sell land previously purchased under general warranty deed without restriction, when subsequently the Housing Authority determined that the land, so acquired was excess land and no longer required for the housing project for which it was originally purchased. A similiar result was reached in Vilbig v. Housing Authority of Dallas, 287 S.W.2d 323 (Tex. Civ.App. 1956 error ref. n.r.e.). In both of the above cases, it was the Housing Authority, not the City of Dallas, which disposed of the excess land.

In Miers v. Housing Authority of Dallas, 266 S.W.2d 487 (Tex.Civ.App., 1954); certified questions on other points, 266 S.W.2d 842, 153 Tex. 236 (1954), it was held:

". . . Appellee is a body corporate and politic. Housing Authority of City of Dallas v. Higginbotham, 135 Tex. 158, 143 S.W.2d, 79 Syl. 15, page 88, 130 A.L.R. 1053. It is a division of the City of Dallas and exists only with the consent of the City of Dallas. Consequently it did not have to deposit twice the amount of the award, or make bond."

Likewise, in Aetna Casualty and Surety Company v. Glidden Co., 283 S.W.2d 440 (Tex.Civ.App., 1955); (reversed on other grounds), 291 S.W.2d 315, (Tex.Sup. 1956), it was held that the Housing Authority of the City of Borger was a division of the city. The court considered the Housing Authority an agent of the City of Borger. Consequently, the Housing Authority came within the terms of Article 5160, Vernon's Civil Statutes, since the "words 'any municipality' as used in said statute included Housing Authorities created under Article 1269k."

A prior opinion of this office, No. O-6339 (1945), held that vehicles operated by Housing Authorities of Texas Cities were not eligible to receive exempt license plates under Article 6675a-3, Vernon's Civil Statutes. The above statute exempted vehicles used exclusively by the U.S. Government, the State of Texas, counties, cities, or school districts. In light of the holding that a housing authority is a division of a city or county as the case may be, we hereby overrule Opinion No. O-6339.

It is well established in Texas that a special
-3660-

county in which it is created except that portion
of the county which lies within the territorial
boundaries of any city."

Consequently, case rulings affecting city housing
authorities must also be applied to county housing authorities,
as well as the prior sections of Article 1269k.

Section 8 of Article 1269k provides in part:

"An authority shall constitute a public body
corporate and politic, exercising public and
essential governmental functions, and having all
the powers necessary or convenient to carry out
and effectuate the purposes and provisions of this
Act, including the following powers in addition
to others herein granted:

". . .

"(d)  To lease or rent any dwellings, houses,
accommodations, lands, buildings, structures, or
facilities embraced in any housing project and
(subject to the limitations contained in this Act)
to establish and revise the rents or charges there-
for; to own, hold, and improve real or personal
property; to purchase, lease, obtain options upon,
acquire by gift, grant, bequest, devise, or other-
wise any real or personal property or any interest
therein; to acquire by the exercise of the power
of eminent domain any real property; to sell, lease,
exchange, transfer, assign, pledge, or dispose of
any real or personal property or any interest there-
in to insure or provide for the insurance of any
real or personal property or operations of the
authority against any risks or hazards; to procure
insurance or guarantees from the Federal Govern-
ment of the payment of any debts or parts thereof
(whether or not incurred by said authority) se-
cured by mortgages on any property included in
any of its housing projects.

". . .

"(h)  To exercise all or any part or com-
bination of powers herein granted.  No pro-
visions of law with respect to the acquisition,
operation, or disposition of property by other
public bodies shall be applicable to an authority
unless the Legislature shall specifically so

statute will control over a general statute on the same subject. Harris County Drainage Dist. No. 12 vs. City of Houston, 35 S.W.2d 118 (Comm.App., 1931); Frass vs. Darrouzett Independent School District, 277 S.W. 751 (Tex.Civ.App., 1925, error dism.). In the latter case, the court held the provisions of a special act allowing the School District to levy and collect a tax would control over a general statute which allowed the county to act as the taxing authority. In the present instance, Article 1269k is a special statute granting various enumerated powers to the housing authority and is controlling to that extent.

After a thorough study of Article 1269k and the above cited cases, it is the opinion of this office that the Housing Authority of Hidalgo County may by resolution of its Commissioners declare such property excess property. Such property will not revert to Hidalgo County. Furthermore, the Legislature specifically granted the Housing Authority the right to sell property which it has acquired and such right may not be impaired or restricted by the Commissioners Court of Hidalgo County. However, since the Housing Authority of Hidalgo County is a division of Hidalgo County and since Article 1269k does not provide a procedure for the sale of excess property, it is the further opinion of this office that the excess property must be sold in accordance with Article 1577, Vernon's Civil Statutes, insofar as that statute relates to public auction, notice and conveyance, and appointment of the commissioner by the Commissioners Court. Just as the Housing Authorities may receive the benefit of statutes applying to cities and counties, so they must comply with the statutes applying to cities and counties where such statutes do not conflict with the powers granted to them in Article 1269k.

## S U M M A R Y

The commissioners of the Housing Authority of Hidalgo County may declare the subject property excess by resolution and sell said property in accordance with the terms of Article 1577, Vernon's Civil Statutes, insofar as the terms of Article 1577 do not conflict with the powers granted the Housing Authority in Article 1269k, Vernon's Civil Statutes. The property will not revert to Hidalgo County, and the Commissioners Court of Hidalgo County may not exercise any control over the disposition of the property.

In view of the decisions of the Courts of

Civil Appeals holding that a Housing Authority is a division of the city, Attorney General's Opinion No. O-6339 is hereby overruled.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By: Wade Anderson
Wade Anderson
Assistant Attorney General

WA:mh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
James McCoy
John Reeves
W. E. Allen
Linward Shivers

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright