AQUILA SOUTHWEST PIPELINE CORPORATION, Appellant,

v.

John W. GUPTON, George W. Sprankle, and B.J. Sprankle, Appellees.

Nos. 01–93–00544–CV, 01–93–00545–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 20, 1994.

Michael J. Simmang, Max E. Roesch, Giddings, for appellant.

Richard L. McElya, Angleton, for appellees.

Before MIRABAL, COHEN and HEDGES, JJ.

## OPINION

MIRABAL, Justice.

This is a pipeline easement condemnation case. The issue is whether the property descriptions of the permanent pipeline easements, and the temporary construction easements, were adequate to confer subject matter jurisdiction. Finding the property descriptions were inadequate, the trial court dismissed the condemnation proceedings for want of jurisdiction. We reverse and remand.

Appellant, Aquila Southwest Pipeline Corporation, is a gas utility vested with the power of eminent domain to acquire easements and rights of way to construct, operate and maintain natural gas pipelines. Appellant sought to place a 10–inch gas pipeline across the properties of appellees, George and B.J. Sprankle, and John W. Gupton.[1] When negotiations failed, appellant instituted formal condemnation proceedings. Appellant sought a 30–foot–wide permanent easement, and an additional 30–foot–wide temporary construction easement.

On January 7, 1993, the Special Commissioners entered their awards for the damages due appellees. On January 15, 1993, appellees filed their objections to the awards of the Special Commissioners. On January 19, 1993, appellees each filed a "Plea to the Jurisdiction, Motion to Dismiss and Motion to Restore Possession," claiming that appellant's description of the property in its statement and petitions in condemnation were defective, and therefore the trial court was without subject matter jurisdiction. After a hearing, the trial court agreed with appellees and signed an order dated March 15, 1993, granting the relief appellees requested.

The trial court filed findings of fact and conclusions of law that read, in relevant part, as follows:

### FINDINGS OF FACT

. . . .

5. Based on the Award of Commissioners, Aquila Southwest Pipeline Corporation applied for and received a Writ of Possession relevant to Defendants' properties.

6. Aquila Southwest Pipeline Corporation entered upon the lands of Defendants and constructed its pipeline.

7. On the 19th day of January 1993, Defendants filed their Plea to the Jurisdiction with the Court.

. . . .

10. As a result of the [February 4 and 24, 1993] hearings, the Court concluded that Plaintiff's Original Statement and Petition in Condemnation failed to adequately describe the property to be condemned.

11. The Court finds as fact that a qualified surveyor could not go on the property to be condemned and locate the boundaries of said property from the description contained in Plaintiff's Statement and Petition in Condemnation.

### CONCLUSIONS OF LAW

1. Plaintiff's Statement and Petition in Condemnation failed to adequately describe the property to be condemned.

2. Section 21.012 of Vernon's Annotated Texas Property Code requires that the Petition must describe the property to be condemned.

3. That the requirement of section 21.012 of Vernon's Annotated Texas Property Code sub-section (b)(1) is mandatory and non-discretionary.

4. The requirements set forth in Section 21.012 Vernon's Annotated Texas Property Code sub-section (b)(1) is jurisdictional.

---

1. Two separate condemnation proceedings were brought by appellant, one to obtain easements across the Sprankles' property, and the other to obtain easements across Gupton's property. The cases were considered together in the trial court, and the appeals have been consolidated.

5. Plaintiff's failure to comply with Section 21.012 deprived this Court of jurisdiction to appoint Commissioners.

6. The appointment of Commissioners by this Court was void.

7. The Commissioners Hearing held in accordance with this Court's appointment was void.

8. The Award of Commissioners issued by virtue of said hearing was void.

9. The Writ of Possession issued by this Court was void.

10. Entry by Plaintiff upon Defendants' land constitutes trespass.

11. The Writ of Possession previously issued by this Court is void and hereby withdrawn.

12. Plaintiff's continued occupancy and utilization of Defendant's property constitutes trespass.

13. The Defendants are entitled to recover their reasonable and necessary fees for attorneys, appraisers, and photographers and for the other expenses incurred in accordance with Section 21.019 Vernon's Annotated Texas Property Code.

14. The Defendants are entitled to recover for damages that resulted from Plaintiff's entry and temporary possession of their properties in accordance with Section 21.044 Vernon's Annotated Texas Property Code.

In two points of error, appellant asserts the trial court erred in granting appellees' pleas to the jurisdiction because (1) the descriptions of the permanent and temporary construction easements were adequate as a matter of law, and (2) the trial court's finding that the descriptions were inadequate was against the great weight and preponderance of the evidence.

■ The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards as are applied in reviewing the legal or factual sufficiency of the evidence supporting a jury's answer to a jury question. *First Nat'l Bank v. Kinabrew*, 589 S.W.2d 137, 146 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.); *Okon v. Levy*, 612 S.W.2d 938, 941 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). If an appellant is attacking the legal sufficiency of an adverse finding to an issue on which it had the burden of proof, it must demonstrate on appeal that the evidence conclusively established all vital facts in support of the issue. *Ritchey v. Crawford*, 734 S.W.2d 85, 86 (Tex.App.—Houston [1st Dist.] 1987, no writ). In reviewing the factual sufficiency of a finding, the court of appeals must examine all the evidence, *Lofton v. Texas Brine Corp.*, 720 S.W.2d 804, 805 (Tex.1986); *Glockzin v. Rhea*, 760 S.W.2d 665, 666 (Tex.App.—Houston [1st Dist.] 1988, writ denied); and, having considered and weighed all the evidence, it should set aside the verdict only if the evidence is so weak or the findings so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). The appellate court cannot substitute its opinion for that of the trier of fact and determine that it would reach a different conclusion. *Glockzin*, 760 S.W.2d at 666.

■ Although a trial court's conclusions of law may not be challenged for factual sufficiency, the trial court's conclusions drawn from the facts may be reviewed to determine their correctness. *Mercer v. Bludworth*, 715 S.W.2d 693, 697 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

In its petitions in condemnation, appellant requested permanent pipeline easements (30 feet in width) and additional temporary construction easements (also 30 feet in width). These requested easements were more specifically described in surveyor's notes attached as exhibit "A" to appellant's petitions. Exhibit "A" to the petition seeking easements across appellee Gupton's property reads, in part, as follows:[2]

### PERMANENT EASEMENT AND RIGHT–OF–WAY

Being a center line description of a thirty (30') foot wide permanent easement and

---

2. A similar exhibit "A", describing the easements sought across the Sprankles' property, was attached to appellant's petition in its case against the Sprankles.

right-of-way a part of the Peter Griffin Survey, Abstract No. 140, Washington County, Texas, and being a part of the residue from that certain 253.527 acre tract conveyed to John W. Gupton by deed dated May 29, 1962 and recorded in volume 240, page 438 of the Deed Records of Washington County, Texas.

BEGINNING at a stake in the most Southerly Northeast line of said residual tract, the Southwest line of a 9.152 acre tract conveyed to George W. Sprankle and wife, B.J. Sprankle by deed recorded in volume 315, page 591 of the Deed Records of Washington County, Texas, said stake bears North 42 deg. 22 min. 14 sec. West – 58.78 feet from a ½ inch iron rod found at a fence corner post and accepted as the most Southerly East corner of said residual tract;

THENCE across said residual tract as follows;

South 46 deg. 32 min. 36 sec. West— 439.43 feet to a stake; ...

North 63 deg. 02 min. 32 sec. West— 388.58 feet to a stake

for a point of termination of the herein described permanent easement and right-of-way. Said stake bears South 74 deg. 32 min. 19 sec. West—201.36 feet from the U.P.R.C. Gupton–Schoenberg # 1 well-head. Total length poof said easement being 3481.22 feet or 210.98 rods.

. . . .

## TEMPORARY CONSTRUCTION EASEMENT

GRANTEE shall have the right to use an additional space thirty feet (30') wide, along and parallel to the herein described permanent easement and right of way, which width may be allocated between the sides of said permanent easement as may be most convenient for said construction operation.

At the February 24, 1993 hearing, the registered land surveyor who had prepared the surveyor's notes testified that the requested *permanent* easements were described by specific metes and bounds which could be easily located on the ground. He further testified that the *temporary construction* easements were described in such a manner as to allow the landowner to have input on what trees and vegetation were to be saved; such a description was common in the industry. According to the surveyor, at the time appellant began to lay the natural gas pipeline, at least one of the appellee property owners was present and showed appellant which trees and vegetation to avoid so that damage would be minimized as a result of the construction; appellant complied with the landowner's requests. At the time of the February 24 hearing, appellees knew the precise location of the *temporary construction* easements.

 When the owner of the property and the condemning entity cannot agree on the amount of damages for the property sought to be acquired, the condemning entity may begin a formal condemnation proceeding by filing a petition in the proper court. TEX. PROP.CODE ANN. § 21.012(a) (Vernon 1984). Pursuant to the property code, the petition must:

(1) describe the property to be condemned;

(2) state the purpose for which the entity intends to use the property;

(3) state the name of the owner of the property if the owner is known; and

(4) state that the entity and the property owner are unable to agree on the damages.

TEX.PROP.CODE ANN. § 21.012(b) (Vernon 1984). By virtue of filing a petition which reflects the requirements of the statute, jurisdiction over the subject matter is acquired. *State v. Nelson*, 160 Tex. 515, 334 S.W.2d 788, 790 (1960). The requirement that the property sought to be condemned must be described is jurisdictional. Without a legally sufficient description of the property, jurisdiction will not attach. *Id.*

 The description of property in a petition for condemnation is sufficient if it is such that "a surveyor, or other person skilled in such matters, could take such description and definitely locate the same on the ground." *City of Dallas v. Megginson*, 222 S.W.2d 349, 351 (Tex.Civ.App.—Dallas 1949, writ ref'd n.r.e.). The description must meet

the same requirements as are necessary for a description in a deed. *Id.*

In the present case, appellant identified the permanent easement in his condemnation petition by describing the tract from which the easement was to be taken and by specifically locating the easement on the tract by reference to metes and bounds. Numerous cases have found that such a description is sufficient under the property code to describe the property sought to be condemned. *Coastal Indus. Water Auth. v. Celanese Corp.*, 592 S.W.2d 597, 600–01 (Tex. 1979); *Phillips Pipeline Co. v. Woods*, 610 S.W.2d 204, 207 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). Appellant's petition was therefore sufficient to confer jurisdiction as to the *permanent* easement.

The real issue in this case is whether the descriptions of the *temporary construction* easements were adequate, and if not, whether the inadequacy deprived the trial court of jurisdiction over the whole case.

Appellant's petition described the *temporary* easement as a 30–foot–wide space running along and parallel to the permanent easement to be allocated "between the sides of said permanent easement as may be most convenient for said construction operation." The evidence showed that one of the appellee property owners told appellant where appellees preferred the construction easement to be, and appellant complied with their wishes. It is uncontested that the construction easement was temporary to the extent it would terminate once the construction of the pipeline was completed. The pipeline construction had been completed by the time of the hearing in this matter.

We consider *Miers v. Housing Auth.*, 153 Tex. 236, 266 S.W.2d 842 (1954), to be controlling in the present case. In *Miers*, the issue was whether a description of property in a condemnation petition was adequate to confer jurisdiction on the trial court. The petition in condemnation sought, in part, to condemn "Lots 1 and 2, Block 8 of Bonita Plaza, an Addition to the City of Dallas [Dallas County], Texas, according to the Map or Plat thereof recorded in Vol. 8, page 146,

MRDCT...." *Id.*, 266 S.W.2d at 843. The Supreme Court stated this was a perfectly good and specific description of that portion of the property. *Id.* at 844. The question presented was whether the vagueness of the description of the remaining property sought to be condemned deprived the trial court of jurisdiction of the whole case. The condemnor sought to condemn, in addition to lots 1 and 2, "all adjoining and contiguous property owned or claimed by said defendants." *Id.* at 843. The Supreme Court held that the description in the petition in condemnation was adequate to support jurisdiction in the trial court, stating that:

> [S]ound reason would hardly suggest voiding the erstwhile perfectly good specific portion of the description merely because of the vagueness of the "adjoining and contiguous property" portion.... In the instant case, we have undoubted certainty of description as to Lots 1 and 2, and the only uncertainty that could possibly be said to exist is clearly with reference to premises other than Lots 1 and 2.

*Miers*, 266 S.W.2d at 844.

Similarly, in the present case, we hold the vagueness of the description of the property to be covered by the *temporary construction* easement does not void the perfectly good specific description of the property to be covered by the permanent easement. Accordingly, the vagueness of the description of the *temporary* easement did not deprive the trial court of jurisdiction over the whole case.

Additionally, because the description of the property to be covered by the *temporary* construction easement gave notice of the general location of the temporary easement, and it provided the property owners an opportunity to have a role in deciding exactly what area the temporary construction easement would cover, we conclude the description was sufficient to enable the owners to protect their interests at trial. Accordingly, like the Supreme Court in *Miers*, we conclude "it would seem more reasonable than not to say that the [petition in condemnation] does confer jurisdiction with respect to the adjoining premises, as well as the premises fully described." *Miers*, 266 S.W.2d at 845.

We hold the trial court had jurisdiction over the whole case. Accordingly, we sustain appellant's points of error one and two.

We reverse the trial court's judgment and remand for further proceedings.