MIERS et al.

v.

**HOUSING AUTHORITY OF CITY OF DALLAS.**

No. 14755.

Court of Civil Appeals of Texas.
Dallas.

Jan. 8, 1954.

Rehearing Denied April 2, 1954.

·Nathan Rachael, Dallas, for appellants.

Scurry, Scurry & Pace, Dallas, for appellee.

DIXON, Chief Justice.

·This is a ·condemnation suit tried before the court without a jury. The landowner, H. W. Miers, has appealed from a judgment awarding him the sum of $660.75 for his property.

Appellant has presented twenty-two points on appeal, which for purposes of this discussion we group as follows: (1) Hon. Paul Peurifoy, Judge of the County Court of Dallas County at Law No. 1, had no jurisdiction of the trial of this case because he was not the County Judge; (2) the descriptions of the property in appellee's petition, in the evidence and in the court's judgment vary, are insufficient, and attempt to include more property than was described; (3) appellee failed to prove it had made an attempt to agree with appellant as to the amount of damages; (4) appellee's petition, and evidence, and the court's judgment fail to state the purpose for which the

property taken is to be used; (5) the court erred in rendering judgment for taxes of $1.75; (6) no notices were served on appellant by the special commissioners; (7) appellee failed to allege or show that it has cooperated with the Housing Authority of the County of Dallas; (8) extracts from minutes of the City Council of Dallas were improperly admitted in evidence; (9) the judgment violates Section 1 of the XIV Amendment to the Constitution of the United States; (10) the judgment is against the preponderance of the evidence; (11) the land value should have been established as of March 11, 1953, not as of January 29, 1952 or February 5, 1952; and (12) appellant should have been awarded damages for the unlawful and wrongful taking of his property.

■ Arts. 1970–3, 1970–4, 1970–16, have been interpreted to mean that the County Courts of Dallas County at Law Nos. 1 and 2 have jurisdiction to try condemnation suits. City of Dallas v. Johnson, Tex.Civ. App., 54 S.W.2d 1024, at page 1028. We overrule appellant's point one.

The property condemned is described as located in Dallas County, Texas, and is further identified by lot and block number, quantity of acreage, name of addition, name of survey, number of abstract, volume and page number where recorded in the deed records, and is also described by metes and bounds.

In one part of appellee's petition the property is alleged to lie in the City of Dallas, Dallas County, Texas, but the detailed description, also a part of the petition, says that the property lies in Dallas County; the evidence shows that it lay within five miles of the City of Dallas. At the time of the trial it had been annexed by the City. The metes and bounds description contains a number of abbreviations. The description concludes with these words, "and all adjoining and contiguous property owned or claimed by said defendants."

■■ We think the description has the degree of certainty required in conveyances, hence is adequate for condemnation

purposes. Where land is otherwise described with sufficient certainty for it to be properly identified and located on the ground, an erroneous and contradictory element of the description is harmless. Reserve Petroleum Co. v. Harp, 148 Tex. 448, 226 S.W.2d 839; Loumparoff v. Housing Authority, Tex.Civ.App., 261 S.W.2d 224; Roberts v. County of Robertson, Tex.Civ. App., 48 S.W.2d 737 (ref.); West v. Houston Oil Co., 46 Tex.Civ.App. 102, 102 S.W. 927; 14 Tex.Jur. 1003.

■ The evidence plainly shows that appellee sought to condemn only "Lot 8, Block 1, Cottonwood Addition, being a tract of 0.13 ac. in L. G. Coombs Sur. * * *." Therefore the concluding words of the description as quoted above may be regarded as surplusage; Loumparoff v. Housing Authority, Tex.Civ.App., 261 S.W.2d 224; especially since appellant did not except to the description as pled in appellee's petition. Rule 90, Vernon's Texas Rules of Civil Procedure. However we are of the opinion that the court should not have included the surplus words in the judgment. Appellant's points Nos. two, three, five, six, seven and eight are overruled, except as to the inclusion of the surplus words in the judgment.

■ During the trial in open court it was stipulated and agreed between the parties that if R. C. Griffin were called as a witness he would testify that he had negotiated with Harris W. Miers for the purchase of Lot 8, Block 1, Cottonwood Addition. Relying on this stipulation, appellee did not call R. C. Griffin as a witness to prove it had attempted to agree with appellant as to the amount of damages for the taking of his property. We overrule appellant's point No. four.

■ The purpose of the condemnation is alleged and proved to be to acquire land for the construction, erection, maintenance and operation of a housing project for families of low income. Such purpose is in keeping with the statute, and the statute itself is valid. Art. 1269k, secs. 2, 3(h), 3(i), and 12. Housing Authority of City

of Dallas v. Higginbotham, 135 Tex. 158, 143 S.W.2d 79, 130 A.L.R. 1053. It will be observed that sec. 3(i) of the cited statute in defining "Housing Project" includes "* * * buildings, land * * * for * * * streets * * * educational * * purposes; or (3) to accomplish a combination of the foregoing." There is no showing that the particular land here condemned is to be used for street or school purposes, but if the evidence did so show we do not believe such purposes would be invalid under the law. We overrule appellant's points Nos. nine, ten, eleven and twelve.

 Nowhere in the record before us does appellant say that notices were not served on him as to the time and place of the hearing before the Commissioners. He says only that the record shows that he asked for such notices to be included in the transcript and the County Clerk reported that after checking the papers in the jacket in the case, and the fee book, he did not find that any notices were issued or returned. The order of the Commissioners recites that the notices were duly served. This recital alone has been held to be insufficient. Parks v. City of Waco, Tex.Civ. App., 274 S.W. 1006. But in the case now before us the order of the Commissioners goes much further. It says that the *"parties each appearing in person, or by representatives, and offering evidence, we proceeded to hear the evidence * * *."* (Emphasis supplied.) This part of the recital in the Commissioners' order is not challenged by the appellant. And in his findings of fact and conclusions of law the trial court included the following: "(3) That the Commissioners' award has been made the judgment of this court and that all recitations therein are found to be true and correct." Moreover the alleged lack of notice was not mentioned by exception or objection or otherwise in the trial court. It is mentioned for the first time on this appeal. Under the circumstances shown by the record we believe that appellant's point No. fourteen is not well taken. It is therefore overruled.

 Appellant complains that appellee failed to plead and prove cooperation with The Housing Authority of the County of Dallas. The record contains uncontradicted evidence that no such thing exists as The Housing Authority of the County of Dallas. Appellant's point No. fifteen is overruled.

 The extract from the minutes of of a regular meeting of the City Council of the City of Dallas was properly certified by the City Secretary and the City's seal was affixed. It was admissible in evidence. Art. 1269k, sec. 4, para. 3; Vey v. City of Ft. Worth, Tex.Civ.App., 81 S.W.2d 228.

 The evidence shows that the Housing Authority is providing 1,500 apartment units for negroes, 1,500 units for white families, and 500 units for Latin Americans. The units and their facilities are alike and are equally well located. We certainly fail to find any violation of the Fourteenth Amendment to the Constitution of the United States. Housing Authority of City of Dallas v. Higginbotham, Tex. Civ.App., 143 S.W.2d 95. Appellant does not even claim any such violation as to himself. We overrule appellant's point No. seventeen.

 In our opinion there was sufficient evidence to uphold the Court's finding as to market value, and it was proper to ascertain the value as of February 5, 1952, the date of the order of possession and of the payment into court of the amount of the award of the Commissioners. City of Houston v. Susholtz, Tex.Civ.App., 22 S.W.2d 537, affirmed Tex.Com.App., 37 S.W.2d 728. Appellee is a body corporate and politic. Housing Authority of City of Dallas v. Higginbotham, 135 Tex. 158, 143 S.W.2d 79, Syl. 15, page 88, 130 A.L.R. 1053. It is a division of the City of Dallas and exists only with the consent of the City of Dallas. Consequently it did not have to deposit twice the amount of the award, or make bond. Art. 3268, sec. 2, Vernon's R.C.S. Appellant's points Nos. nineteen, twenty, twenty-one, and twenty-two are overruled.

 Appellant says there is no evidence to support the judgment for $1.75 for

taxes in favor of the Intervenor City of Dallas for the Dallas Independent School District. We think the question is not before us. An examination of appellant's appeal bond discloses that an appeal was taken only as to the Housing Authority. No appeal was taken from the tax judgment for $1.75.

█ Furthermore we think that applicable here is the maxim "De minimis non curat lex"—the law does not care for trifles. 26 C.J.S. pp. 705, 706; 12 Words and Phrases, p. 31. In one cited case an employer in good faith erroneously made a deduction totaling $1.95 from compensation for claimant's contribution to a social security fund. Nevertheless the judgment was affirmed, the court applying the maxim above quoted. Mitchell v. Littlejohn Transp. Co., La.App., 10 So.2d 651. Appellant's point No. thirteen is overruled.

The judgment of the trial court is reformed so that the surplus words "and all adjoining and contiguous property owned by or claimed by said defendants" are eliminated. As reformed, the judgment is affirmed.