The AETNA CASUALTY AND SURETY
COMPANY, Appellant,

v.

The GLIDDEN COMPANY, et al., Appellees.
No. 3172.

Court of Civil Appeals of Texas. Eastland.
Oct. 28, 1955.

Rehearing Denied Nov. 18, 1955.

R. T. Bailey, Dallas, McMahon, Springer,. Smart & Walter, Abilene, for appellant.

Spafford, Spafford, Freedman, Hamlin, Gay & Russell, Harry I. Freedman, Dallas, Gibson, Oschner, Harlan, Kinney & Morris, Amarillo, for appellees.

LONG, Justice.

On March 1, 1952, the Housing Authority of the City of Borger, Texas, referred to herein as Housing Authority, as owner, entered into a contract with E. M. Lambert & Son, hereinafter referred to as Lambert, as contractor, for the construction of what. is designated as P. H. A. Housing Project No. TEX 36–1 to be located on its property at Borger, Texas. Aetna Casualty and Surety Company, referred to herein as, Aetna, was surety on a performance and payment bond given by Lambert for more-

than one million dollars in connection with said contract. Lambert partially performed this contract and on December 11, 1952, gave formal notice of default and thereafter Housing Authority relet it to another contractor for completion. Lambert was adjudged a bankrupt and that judgment was plead in bar of any recovery. This plea was sustained. The Glidden Company, referred to as Glidden, and Crowe-Gulde Cement Company, referred to as Crowe-Gulde, each recovered a judgment against Aetna for material furnished by them to Lambert on said contract. From this judgment Aetna has appealed.

The appellees filed their sworn itemized account with the County Clerk of Hutchison County, the county in which the material was furnished, in compliance with Article 5160, Vernon's Annotated Revised Civil Statutes. However, there were portions of said accounts which were not filed within 90 days after said material was furnished, Article 5160 reads, in part, as follows:

"Any person, or persons, firm or corporation, entering into a formal contract with this State or its counties or school districts or other subdivisions thereof or any municipality therein for the construction of any public building, or the prosecution and completion of any public work shall be required, before commencing such work, to execute the usual Penal Bond, with the additional obligation that such contractor shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract. * * * Provided further, that all claims for labor and material furnished to said contractor, and all claims for labor and material furnished to any contractor shall be itemized and sworn to as required by Statutes as to mechanic's lien claims, and such claims shall be filed with the County Clerk of the County, in which said work is being prosecuted, within ninety days from the date of the delivery of said material and the performance of said work."

The controlling question presented is were the appellees entitled to recover that portion of their claim which was not filed within 90 days after furnishing the material. It is the contention of appellant that said bond was executed by the parties in contemplation of Article 5160 and that before appellees can recover it is necessary that they comply with its provisions. It is the contention of appellees and found by the trial court that said bond was not executed by the parties in contemplation of said Article 5160 but that same was required by the Housing Administration and was a common law obligation; that it was not necessary for the appellees to comply with said Article 5160 in order to recover. The trial court took the view that the bond was not required by Article 5160; was not given pursuant to said statute and the rights and obligation of the parties are not controlled thereby. In other words, the trial court found that it was not necessary for the appellees to file itemized statements of their accounts within 90 days after furnishing the material to Lambert as required by Article 5160.

■ The Housing Authority was organized under Article 1269k, Vernon's Annotated Texas Statutes. It is a body corporate and politic. Housing Authority of City of Dallas v. Higginbotham, 135 Tex. 158, 143 S.W.2d 79, 130 A.L.R. 1053. It is a division of the City of Borger and exists only with the consent of the City. Miers v. Housing Authority of City of Dallas, Tex.Civ.App., 266 S.W.2d 487, 489; Id., Tex., 266 S.W.2d 842.

■ It is true that the bond involved did not refer to Article 5160 and said Article was not expressly made a part thereof but, under the settled law of this State, the provisions of said Article must be read into the bond. Fidelity & Deposit Co. of Maryland v. Prassel Sash & Door Co., Tex.Civ.App., 24 S.W.2d 539; Texas Co. v. State, Tex., 281 S.W.2d 83.

The work to be done for the Housing Authority under the contract was public work.

We hold that the presumption is that it was given to meet the requirements of Article 5160. The Housing Authority being an agency of the City of Borger, it, therefore, comes squarely within the purview of Article 5160. The Austin Court of Civil Appeals, in an opinion which was approved by Our Supreme Court in Allis-Chalmers Mfg. Co. v. Curtis Electrical Co., 259 S.W.2d 918; Id., 264 S.W.2d 700, held that the words "this State" as used in Article 5160 were intended to and did include A. & M. College and its governing board.

■ We believe that the words "any municipality" as used in said statute were intended to and did include Housing Authorities created under Article 1269k.

The Dallas Court of Civil Appeals, in Loumparoff v. Housing Authority of City of Dallas, 261 S.W.2d 224, 227, had before it the question whether the Housing Authority in a condemnation proceeding came within the provisions of Article 3268, Vernon's Annotated Civil Statutes, which relieves municipal corporations from filing a bond or making a deposit equal to the amount of the award. The court, in that case, states:

"Plaintiff is a body corporate and politic; Housing Authority of City of Dallas v. Higginbotham, Tex.Civ.App., 143 S.W.2d 95; and contrary to the contention of defendants, comes within provisions of Art. 3268, V.A.C.S., relieving such public corporation, upon taking the property, from filing of bond or making deposit of a further sum equal to the amount of the award."

The same court, considering the same question in Miers v. Housing Authority of City of Dallas, 266 S.W.2d 487, 490, held:

"It (Housing Authority of City of Dallas) is a division of the City of Dallas and exists only with the consent of the City of Dallas. Consequently it did not have to deposit twice the amount of the award, or make bond. Art. 3268, Sec. 2, Vernon's R.C.S."

■ The Housing Authority of the City of Borger is a division of the City of Borger and exists only with the consent of the city. We, therefore, hold that it comes within Article 5160 and that materialmen furnishing material on public work for said Housing Authority must comply with the terms of said statute by filing their itemized accounts with the County Clerk within 90 days from the date of the delivery of the material. Fidelity & Deposit Co. of Maryland v. Big Three Welding Equipment Co., Tex.Civ.App., 249 S.W.2d 183.

"Statutory remedy accorded materialman, furnishing material to contractor making public improvements, held exclusive whether bond be statutory bond or common-law bond." Indemnity Ins. Co. of North America v. South Texas Lumber Co., Tex.Com.App., 29 S.W.2d 1009.

We hold that appellees cannot recover for the portions of their claims which were not filed with the County Clerk within 90 days from the date of the delivery of the material. Crowe-Gulde recovered judgment for $14,323.69. $4,335.68 of this amount was furnished the contractor within 90 days from the date claim was filed with the County Clerk. The judgment will be reformed so as to allow recovery for this amount only. Glidden recovered judgment for $8,107.74. $588.17 of this amount was furnished the contractor within 90 days from the date of the filing of its claim with the County Clerk. The judgment of the trial court will be reformed so as to allow recovery for this amount only.

■ Crowe-Gulde complains of the action of the trial court in refusing to award it attorney's fees. Crowe-Gulde did not except to the action of the trial court in this matter and did not raise this question in that court. It gave no notice of appeal and none was perfected. Under these circumstances, we cannot consider the cross-appeal by Crowe-Gulde. Texas Rules of Civil Procedure, rule 324; Hardwicke v. Trinity Universal Ins. Co., Tex.Civ.App., 89 S.W.2d 500.

The judgment of the trial court is reformed and Crowe-Gulde is allowed recovery against Aetna in the sum of $4,335.68, with interest thereon from January 1, 1953.

Glidden is allowed recovery against Aetna in the sum of $588.17 with interest thereon from January 1, 1953.

The judgment of the trial court is reformed and, as reformed, is affirmed.