

# The Attorney General of Texas

January 28, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso. TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway. Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen. TX. 78501
512/682-4547

200 Main Plaza. Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Albert Brown, Chairman
Committee on Constitutional
  Amendments
House of Representatives
Austin, Texas

Opinion No. MW-132

Re: Whether the competitive bidding requirements of article 2368a, V.T.C.S., apply to housing authorities.

Dear Representative Brown:

You ask whether article 2368a, V.T.C.S., applies to housing authorities. Article 2368a, V.T.C.S., requires cities and counties to let certain contracts on competitive bids and sets out notice requirements. A housing authority is created in each city by article 1269k, V.T.C.S. It may not exercise its powers unless the governing body of the city declares a need for it to function. Article 1269k, V.T.C.S., does not include any requirement of competitive bidding.

Texas courts have stated that a housing authority is a division of the city within which it exists. Aetna Casualty and Surety Company v. Glidden Co., 283 S.W.2d 440 (Tex. Civ. App. — Eastland 1955), rev'd on other grounds, 291 S.W.2d 315 (Tex. 1956); Miers v. Housing Authority of Dallas, 266 S.W.2d 487 (Tex. Civ. App. — Dallas), certified questions on other points, 266 S.W.2d 842 (Tex. 1954). Miers v. Housing Authority of Dallas, supra, involved the condemnation of land by a housing authority. The court held that article 3268, V.T.C.S., exempting municipal corporations from depositing twice the condemnation award and making bond, applied to the housing authority.

Neither court discussed the following provision of article 1269k, V.T.C.S.:

> ... No provisions of law with respect to the acquisition, operation, or disposition of property by other public bodies shall be applicable to an authority unless the Legislature shall specifically so state.

Sec. 8(h). This provision was noted in Attorney General Opinion C-760 (1966), which held that the surplus property of a county housing authority

must be sold in accordance with the requirements of article 1577, V.T.C.S.  The opinion stated as follows:

> Just as the Housing Authorities may receive the benefit of statutes applying to cities and counties, so they must comply with the statutes applying to cities and counties where such statutes do not conflict with the powers granted to them in Article 1269k.

Based on this opinion and the opinions of the Texas courts, we conclude that article 2368a, V.T.C.S., applies to housing authorities as divisions of cities.  See also Acts 1979, 66th Leg., ch. 770, at 1901 (to be codified as V.T.C.S. art. 2368a.3) (additional competitive bidding requirements for housing authorities).

## SUMMARY

> Housing authorities are subject to the competitive bidding requirements of article 2368a, V.T.C.S.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
David B. Brooks
Walter Davis
Bob Gammage
Susan Garrison
Rick Gilpin
Bruce Youngblood