The SIERRA CLUB, et al., Appellants,

v.

AUSTIN TRANSPORTATION STUDY POLICY ADVISORY COMMITTEE, et al., Appellees.

No. 3–87–126–CV.

Court of Appeals of Texas, Austin.

Feb. 3, 1988.

Rehearing Denied March 23, 1988.

---

Philip Durst, Richards, Wiseman & Durst, David O. Frederick, Austin, for appellants.

Jim Mattox, Atty. Gen., William T. Palmer, Asst. Atty. Gen., Austin, for appellees.

SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

CARROLL, Justice.

Appellants are several neighborhood, business and environmental groups. Austin Transportation Study Policy Advisory Committee (ATSPAC), the principal appellee, is a committee made up of government officials and is responsible for drafting certain transportation planning documents for submission to the federal government. Appellants filed suit in district court alleging that the committee's planning decisions were drafted in violation of the Texas Open Meetings Act, Tex.Rev.Civ.Stat.Ann. art. 6252–17 (Supp.1988). The trial court concluded that ATSPAC was not required to comply with the Act and granted appellees' motion for summary judgment, dismissing appellants' causes of action. We will reverse the judgment and remand the cause.

## DISCUSSION

The primary question is whether ATSPAC is subject to the Texas Open Meetings Act. Before discussing that issue, however, we must address appellees' crosspoint claiming that appellants lack standing to sue.

### I. Standing

Appellees allege that appellants have no justiciable interest in this lawsuit, and, therefore, no standing to sue. Appellees raised this standing argument both in a dilatory plea and as an affirmative defense. It was *not* part of the motion for summary judgment.

Texas R.Civ.P.Ann. 166a(c) (Supp.1988) requires a motion for summary judgment to state the specific grounds for the judgment. Standing was not one of the specific grounds stated in that motion. Since the standing issue was neither argued nor decided *in the motion for summary judgment,* it is not properly before this court. As there is nothing presented for our review, we overrule the crosspoint and turn to the principal issue in this appeal.

### II. Applicability of Open Meetings Act
#### A. What the Act Covers.

■ The Texas Open Meetings Act was passed to give Texas citizens "government

in the sunshine"; that is, to safeguard the public's interest in knowing the workings of its governmental bodies. *Cox Enterprises, Inc. v. Board of Trustees of Austin Independent School District*, 706 S.W.2d 956, 960 (Tex.1986). It is based on the premise articulated by Justice Brandeis: "Sunlight is said to be the best of disinfectants...." Brandeis, Other People's Money, 92 (1914 ed.).

The language of the Act clearly reveals the Legislature's intention to give it broad coverage.[1] "The Open Meetings Act is relatively general in character and application, covering *every level* of state government.... Furthermore, the Open Meetings Act broadly applies to *any* meeting by a quorum of the members of a governmental body which meets to discuss *any* public business or policy, with certain exceptions." [emphasis added; citations omitted]. Shannon and Ewbank, *The Texas Administrative Procedure and Texas Register Act Since 1976—Selected Problems*, 33 Baylor L.Rev. 393, 441 (1981).

Appellees do not contend that ATSPAC falls into one of the exceptions enumerated in § 2(b)–(r) of the Act. Instead, they assert that ATSPAC is exempt from the Act's purview because they claim it is not a "governmental body" for purposes of the Open Meetings Act.

The Act defines "governmental body" as "any board, commission, department, committee, or agency within the executive or legislative department of the state, which is under the direction of one or more elected or appointed members; and every Commissioners Court and city council in the state, and every deliberative body having rule-making or quasi-judicial power and

classified as a department, agency or political subdivision of a county or city ... and the governing board of every special district heretofore or hereafter created by law." Art. 6252–17, § 1(c). The trial court determined that ATSPAC did not fit any of these categories, and it is that legal conclusion that appellants challenge.

### B. Nature of ATSPAC

To decide whether ATSPAC fits one of the Open Meetings Act categories, we must first examine in some detail the committee's composition and functions. The Austin Transportation Study Policy Advisory Committee is a seventeen-member body composed of state, county, regional and municipal public officials. Its decisions affect highway planning in Travis, Hays, Caldwell, Bastrop, and Williamson counties.[2] ATSPAC has been designated a "Metropolitan Planning Organization" pursuant to 23 U.S.C. § 134 (1986). (It may also perform other duties not directly related to its MPO responsibilities.)

That law requires the governor of any state seeking federal highway funds to designate such MPOs as a condition for receiving federal highway funds. Federal law assigns several roles to such MPOs, including developing a long-range "Transportation Plan" for each metropolitan area, a short-term "Transportation Improvement Program" and a one- or two-year "Annual Element" detailing specific projects to be completed within the next year or two. These documents are then used by the relevant federal agencies to determine funding for the local projects. 23 U.S.C. §§ 101 et seq. (1986). As a result, ATSPAC plays a vital role in deciding which highway

---

1. Article 6252–17, § 2(a) begins: "Except as otherwise provided in this Act or specifically permitted in the Constitution, every regular, special or called meeting or session of every governmental body shall be open to the public...."

2. In a rather unusual procedural decision, the parties *stipulated* that all of the testimony and documentary evidence received by the district court in an evidentiary hearing held on the plaintiffs' motion for temporary injunction would be part of the summary judgment record and proof and would be considered by the district court in deciding ATSPAC's motion for

summary judgment. Included in that material was a deposition given by a Mr. Joseph Gieselman along with its exhibits. The first exhibit or "annex" to that deposition was also presented to the district court during Mr. Gieselman's testimony at the hearing on the motion for temporary injunction. This "annex" was entitled "General Purpose Local Governments Within Austin Transportation Study Area" and showed five counties to be within the purview of the ATSPAC study: Travis, Hays, Caldwell, Bastrop, and Williamson.

projects are planned, built and funded in the Austin urban area.

### C. Does the Open Meetings Act Apply?

 We believe that the Act does apply to bodies such as ATSPAC. Such committees did not exist when the Open Meetings Act was enacted in 1967, but in comparing ATSPAC's functions to the definitions of "governmental body" listed in § 1(c) of the Act, it is clear that the committee is just the sort of body the Open Meetings Act was designed to govern.

Section 1(c) includes "[t]he governing board of every special district heretofore or hereafter created by law" in the ambit of the Open Meetings Act. The term "special district" has, unfortunately, not been defined in this context in any case law cited to us by the parties or found by our own search. The term *is* defined in Black's Law Dictionary as "[a] limited governmental structure created to bypass normal borrowing limitations, to insulate certain activities from traditional political influence, to allocate functions to entities reflecting particular expertise, to provide services in otherwise unincorporated areas, or to accomplish a primarily local benefit or improvement, *e.g.*, parks and planning, mosquito control, sewage removal." Black's Law Dictionary (5th ed. 1986).

It is evident from the preceding discussion of ATSPAC's functions that the committee is designed to "accomplish a primarily local benefit or improvement"; specifically, to bring federal highway funds into the Austin urban area for highway planning and construction. The committee's duty to draft planning documents is an essential step in acquiring such funds. The record also shows that ATSPAC is an official body designated by the governor, and its action is necessary to accomplish a primarily local benefit or improvement. We find, therefore, that ATSPAC is a "special district" and thus a "governmental body" within the terms of the Open Meetings Act. (It may also qualify as a governmental body under one of the other definitions in § 1(a); we do not pass on those because the "special district" determination is suffi-

cient to resolve the case.) As a governmental body, it is subject to the strictures set forth in the Act.

 Having concluded that ATSPAC is subject to the notice requirements of the Open Meetings Act, our next question is whether it complied with those requirements. Appellees have argued that, even if this court finds—as we just have—that ATSPAC is subject to the Act, it has fully complied with the statute's notice provision. Appellant disputes this. We believe that such a determination requires the kind of factual inquiry best performed by the trial court.

### CONCLUSION

We hold that ATSPAC is a special district as defined in § 1(c) of the Act. Since it involves "... all or part of four or more counties", it is subject to the notice requirements set out in § 3A(f) of the Act. We reverse the trial court's grant of summary judgment and remand the cause to that court for trial on the issue of whether ATSPAC complied with the applicable provisions of that law.

Reversed and Remanded.