**Office of the Attorney General**
**State of Texas**



DAN MORALES
ATTORNEY GENERAL

February 27, 1991

Honorable Amy Ayers Adams
District Attorney
Parker County
One Courthouse Square
Weatherford, Texas 76086

Opinion No.   DM-7

Re: Whether the Parker County Committee on Aging is a governmental body under the Open Meetings Act, article 6252-17, V.T.C.S. (RQ- 6)

Dear Ms. Adams:

You ask whether the Parker County Committee on Aging (hereinafter referred to as the "PCCOA") is a governmental body subject to the Open Meetings Act, article 6252-17, V.T.C.S.

You state that the PCCOA is a nonprofit corporation created under the Texas Non-Profit Corporation Act, article 1396-1.01, et seq., V.T.C.S. Its purpose, as set forth in its by-laws, is to

> serve the special needs of residents of Parker County, Texas who are sixty (60) years of age or older by assisting them in obtaining help through existing community resources and by providing additional services and facilities to meet needs which are not being adequately served by existing resources.

You further advise that the PCCOA provides services to senior citizens. These services include maintaining a center where meals are served and social activities occur, providing transportation, providing home-delivered meals, and providing for certain medical needs. You state that the activities of the PCCOA are financed by private donations and by loans and grants from state and federal government sources. The affairs of the PCCOA are conducted by a board of directors chosen in accordance with its bylaws. Members of the board are not selected by city or county officials. You advise that the PCCOA does not exist for the benefit or on behalf of any county or city government. Nothing in the facts that you have presented to us suggests that the PCCOA has any official status beyond that of an ordinary nonprofit corporation.

In Attorney General Opinion JM-596 (1986), we concluded that nonprofit water supply corporations are not governmental bodies within the meaning of the Open

Meetings Act, and are not subject to its requirements unless subject to certain specific provisions of the Water Code which require some nonprofit water supply corporations to comply with the Open Meetings Act. We find no statute outside the Open Meetings Act that would require the PCCOA to comply with the Open Meetings Act.

The Open Meetings Act applies to a "governmental body" as that term is defined in section 1(c) of the act. That definition reads as follows:

> 'Governmental body' means any board, commission, department, committee, or agency within the executive or legislative department of the state, which is under the direction of one or more elected or appointed members; and every Commissioners Court and city council in the state, and every deliberative body having rule-making or quasi-judicial power and classified as a department, agency, or political subdivision of a county or city; and the board of trustees of every school district, and every county board of school trustees and county board of education; and the governing board of every special district heretofore or hereafter created by law.

The PCCOA is clearly not "within the executive or legislative department of the state." See Attorney General Opinions JM-1185 (1990); JM-596 (1986); JM-340 (1985). Nor is it the governing body of a city or county. It is obviously not the board of trustees of a school district, a county board of school trustees or a county board of education. It has no rule-making or quasi-judicial power. It has no authority to exercise delegated governmental powers. See Attorney General Opinion JM-794 (1987). It has no duty or authority to conduct investigations and draw conclusions in any official capacity. See Putter v. Anderson, 601 S.W.2d 73, 76 (Tex. App. - Dallas 1980, writ ref'd n.r.e.).

In Sierra Club v. Austin Transp. Study Policy Advisory Comm., 746 S.W.2d 298 (Tex. App. - Austin 1988, writ denied) the court considered the term "special district." It quoted the following dictionary definition of special district:

> A limited governmental structure created to bypass normal borrowing limitations, to insulate certain activities from traditional political influence, to allocate functions to entities reflecting particular expertise, to provide services in otherwise unincorporated areas, or to accomplish a primarily local benefit or improvement, e.g. parks and planning, mosquito control, sewage removal.

Black's Law Dictionary 1253 (5th ed. 1986).

The PCCOA was created pursuant to the Texas Non-Profit Corporation Act, but was not specifically created "by law." While it is designed to accomplish a primarily local benefit, it cannot be said to be a governmental structure. It has no power to supervise or control public business or to deliberate or act on a matter of public policy. See Attorney General Opinion JM-1185 (1990) and authorities cited therein. Accordingly, the PCCOA is not a "governmental body" as defined in section 1(c) of the Open Meetings Act, and is not subject to the requirements of that act.

## S U M M A R Y

The Parker County Committee on Aging is not a "governmental body" as defined in section 1(c) of the Open Meetings Act, and is not subject to the requirements of that act.

Very truly yours,

**DAN  MORALES**
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

SUSAN GARRISON
Acting Chairman, Opinion Committee

Prepared by John Steiner
Assistant Attorney General