

September 28, 2015

Ms. Katie Conner
Brazos County Auditor
200 South Texas Avenue, Suite 218
Bryan, Texas 77803

Opinion No. KP-0038

Re: Whether the Open Meetings Act applies to district and county court-at-law judges when they meet to appoint county officials (RQ-0019-KP)

Dear Ms. Conner:

Your questions concern the Open Meetings Act (the "Act") and to what extent it may apply to "a group comprised solely of district and county court-at-law judges."[1] You provide two statutory examples of such judicial groups, asking whether each group constitutes a "governmental body" under the Act. *See* Request Letter at 2. The term "governmental body" is defined under the Act to include "a board, commission, department, committee, or agency within the executive or legislative branch of state government that is directed by one or more elected or appointed members." TEX. GOV'T CODE ANN. § 551.001(3)(A) (West Supp. 2014). The term also includes "a deliberative body that has rulemaking or quasi-judicial power and that is classified as a department, agency, or political subdivision of a county or municipality" and "the governing board of a special district created by law." *Id.* § 551.001(3)(D), (H). With this statutory language in mind, we examine each judicial group about which you ask.

Your first example concerns district judges who meet to appoint a county auditor. Request Letter at 2. Pursuant to chapter 84 of the Local Government Code, "the district judges having jurisdiction" in a county with a population of 10,200 or more "shall appoint a county auditor."[2] TEX. LOC. GOV'T CODE ANN. §§ 84.001(a), .002(a) (West 2008). The judges shall appoint the auditor "at a special meeting held for that purpose." *Id.* § 84.003(a). The district judges also approve the appointment of assistants to the county auditor. *Id.* § 84.021(a). This office has previously opined that a group of district judges meeting to appoint a county auditor pursuant to chapter 84 of the Local Government Code is not a "governmental body" under the Act because the group "does not constitute a board, commission, department, committee, or agency within the executive or legislative department of the state nor is it a department, agency, or political subdivision of a county

---

[1]Letter from Ms. Katie Conner, Brazos Cnty. Auditor, to Honorable Ken Paxton, Tex. Att'y Gen. at 1–2 (Mar. 24, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]Brazos County has a population of 194,851. *See* U.S. Census Bureau, U.S. Dep't. of Commerce, 2010 Census of Population, http://quickfacts.census.gov/gfd/.

or a city or the governing board of a special district created by law." Tex. Att'y Gen. Op. No. JM-740 (1987) at 4 (considering the predecessor to section 84.005 of the Local Government Code). The law governing the appointment of a county auditor has not substantively changed since 1987 when Opinion JM-740 was issued. Thus, the analysis and conclusion of that opinion is still applicable. A group of district judges meeting to appoint the county auditor pursuant to chapter 84 of the Local Government Code is not a "governmental body" under the Act.

Your second example concerns district and county court judges who meet to appoint a community supervision and corrections department ("department") director. Request Letter at 2. Section 76.004 of the Government Code directs a specific group of judges to "appoint a department director" after publicly advertising the position, posting a job description, conducting a competitive hiring process, and reviewing eligible applicants. TEX. GOV'T CODE ANN. § 76.004(a), (h) (West 2013). This group of judges also establishes the department as a whole and approves the department's budget and community justice plan. *Id.* § 76.002(a). Against this background, we examine each relevant definition of "governmental body" in the Act.

First, subsection 551.001(3)(A) of the Act defines "governmental body" as "a board, commission, department, committee, or agency within the executive or legislative branch of state government that is directed by one or more elected or appointed members." *Id.* § 551.001(3)(A) (West Supp. 2014). Although it establishes a department, the group of judges itself is not "a board, commission, department, committee, or agency" that is "directed by one or more elected or appointed members" because the judges are not elected or appointed to serve as a member of the group. *Id.* Membership in the group is established, not by election or appointment, but by statute. *See id.* § 76.002(a) (West 2013) (listing a specific group of judges). Thus, it is not a "governmental body" under subsection 551.001(3)(A).

Next we examine subsection 551.001(3)(D), which defines a governmental body as "a deliberative body that has rulemaking or quasi-judicial power and that is classified as a department, agency, or political subdivision of a county or municipality." *Id.* § 551.001(3)(D). The group of judges has quasi-judicial power because it exercises judgment and discretion in its statutory functions, and its decisions are binding. *See Fiske v. City of Dallas*, 220 S.W.3d 547, 551 (Tex. App.—Texarkana 2007, no pet.) (defining "quasi-judicial power" to include these elements, among others). The group of judges is not, however, "a department, agency, or political subdivision of a county or municipality," and thus it is not a "governmental body" under subsection 551.001(3)(D).

Finally, the definition of "governmental body" in subsection 551.001(3)(H) of the Act refers to "the governing board of a special district created by law." TEX. GOV'T CODE ANN. § 551.001(3)(H) (West Supp. 2014). A previous opinion of this office concluded that a group of district and county judges appointing the director of a department pursuant to chapter 76 of the Government Code comes within the scope of a "special district" and thus constitutes a "governmental body" as that term is defined by subsection 551.001(3)(H) of the Act. *See* Tex. Att'y Gen. Op. No. DM-395 (1996) at 4. Since the time that DM-395 was issued, however, the Legislature has altered the role of district and county judges with respect to departments. *See* Tex. Att'y Gen. Op. No. JM-1185 (1990) at 3 (noting the relevance of a governmental body's function in determining whether it is a governmental body subject to the Act).

Opinion DM-395 based its conclusion on both the broad definition of "special district" used by an appellate court and the broad statutory responsibilities then in place for district and county judges with respect to departments, particularly those involving management and decision-making. *See* Tex. Att'y Gen. Op. No. DM-395 (1996) at 3–4 (examining *Sierra Club v. Austin Transp. Study Policy Advisory Comm.*, 746 S.W.2d 298 (Tex. App.—Austin 1988, writ denied)). The court in *Sierra Club* defined "special district" as "[a] limited governmental structure created . . . to accomplish a primarily local benefit or improvement." *Sierra Club*, 746 S.W.2d at 301. The Attorney General in DM-395 stated that "[the committee of judges'] control over the CSCD directorship and CSCD finances, as well as its general managerial function with respect to the CSCD, makes it, we think, a 'governing body' of such special district within the [A]ct's definition." Tex. Att'y Gen. Op. No. DM-395 (1996) at 4. Legislation passed in 2005, however, significantly scaled back the role of judges with respect to a department. *See* Act of May 16, 2005, 79th Leg., R.S., ch. 255, §§ 1, 4, 5, 7, 8, 12, 2005 Tex. Gen. Laws 454, 454–58 (codified at TEX. GOV'T CODE ANN. §§ 76.002, .0045, .0051, .009, & .010 (West 2013)). As a result of these changes, judges no longer have the authority to employ personnel, authorize the carrying of weapons, expend or authorize expenditures of department funds, or participate in the management of a department that they previously had. *See id.* Instead, "[t]he responsibility of a judge described by Section 76.002 for personnel decisions is limited to the appointment of a department director and fiscal officer," and for budgetary decisions the responsibility "is limited to: (1) appointment of a fiscal officer; and (2) approval of the department's budget." TEX. GOV'T CODE ANN. § 76.0045(a)–(b) (West 2013). Thus, the role of the district and county judges that appoint the department director is no longer that of a decision-making "governmental structure" inherent in the *Sierra Club* court's definition of a "special district." Because the managerial role of the district and county judges with respect to a department has been significantly curtailed, a court would likely conclude that the group of judges described in section 76.002(a) of the Government Code who appoint the director of a department is not a "governmental body" as that term is defined under subsection 551.001(3)(H) of the Act.[3]

Assuming this conclusion, you next ask whether each group of judges is nonetheless required to post notice of some of its meetings. Request Letter at 2. The requirement under the Act that "written notice of the date, hour, place, and subject of each meeting" shall be given to the public applies to "each meeting held by [a] *governmental body*." TEX. GOV'T CODE ANN. § 551.041 (West 2012) (emphasis added). If the group that is meeting is not a "governmental body" under the Act, it follows that the notice requirement in section 551.041 of the Act is inapplicable. Thus, the Act does not require either group of judges about which you ask to post notice of its meetings. Because your last question is premised on an affirmative conclusion that the groups in question constitute governmental bodies under the Act, we need not address it.

---

[3]Because the statutory basis on which Opinion DM-395 relied has changed, its conclusion about the Act's application to the judges described in section 76.002(a) of the Government Code is no longer valid.

## S U M M A R Y

A group of district judges meeting to appoint the county auditor pursuant to section 84.003 of the Local Government Code is not a "governmental body" under the Open Meetings Act. Consequently, notice of the group's meetings is not required by the Act to be posted.

A court would likely conclude that a group of district and county judges meeting to appoint a community supervision and corrections department director pursuant to chapter 76 of the Government Code as currently written is not a "governmental body" under the Act because of the statutory curtailment of the group's previous managerial role with respect to departments. Consequently, notice of the group's meetings is not required by the Act to be posted.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee